UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States, | No. 2:17-cr-00083-KJM-1 |
| Plaintiff, | ORDER |
| v. | |
| James Arias, | |
| Defendant. | |

On January 10, 2022, this court held a supervised release violation hearing. *See* Minutes, ECF No. 40. Defendant James Arias, currently incarcerated at the California Institution for Men (CIM), appeared via the videoconferencing platform known as Zoom. *See id.* At the hearing, defendant ultimately admitted to two violations of his federal supervised release. *Id.* He denied a third violation. *Id*

The government challenged the court's jurisdiction to hold the violation hearing in the first place. *See id.* Specifically, the government argued because defendant was in state custody, not federal custody, he was not properly before the court. *Id.* The court provisionally accepted defendant's admissions and denial but invited the parties to brief the jurisdictional issue. *Id.* The court expressly noted that it would vacate the admissions and denial if the court later determined it did not have jurisdiction. *Id.*

/////

1

The parties have now briefed the jurisdictional issue. *See* Jurisdiction and Dual Sovereignty Brief (Jurisdiction Brief), ECF No. 41; Disp. Hearing Motion, ECF No. 42; Reply, ECF No. 43. The government maintains defendant was not properly before the court on January 10 because he was in state custody, not federal custody.[1] Given principles of sovereignty and comity, for a person detained by state custodians to properly appear before a federal court, the federal government argues it is the party who must seek a writ *ad prosequendum*. *See* Jurisdiction Brief at 4–5 (citing *Strand v. Schmittroth*, 251 F.2d 590, 606 (9th Cir. 1957)). The government explicitly declined to seek such a writ here, prior to January 10, and also has so declined to date. *Id.* at 2. Thus, the government believes this court should vacate the record made at the January 10 supervised release violation hearing and also vacate the disposition hearing currently calendared for February 7, 2022. *Id.* at 7–8.

Having reviewed the parties' briefing and the record now before the court, the court agrees. As to the January 10, 2022 probation violation hearing, the government attaches the declaration of Ms. Debra O'Neil, the correctional case records manager at CIM. *See* O'Neil Decl., ECF No. 41-2. Ms. O'Neil explains that a court order is necessary for an inmate in California state prison to attend a court hearing, *id.* ¶ 5, and that CIM staff mistakenly believed defendant's motion seeking an admit/deny hearing on the violation petition on January 10 was instead a court order, *id.* ¶¶ 9–11. Ms. O'Neil avers that had CIM followed proper procedures, it "would not have authorized the matter to be scheduled for a video court hearing appointment. Allowing inmate Arias to participate in the Zoom hearing was a mistake." *Id.* ¶ 11.

Defendant nevertheless argues that even "[a]ssuming the state officials misunderstood a calendar as a writ, that mistake did allow [defendant] to appear, so this Court had jurisdiction even if by accident." Mot. at 1. Defendant cites no authority in support of this "accidental jurisdiction" argument and the court is aware of none. The court did not rely on such a theory when it tentatively found, based on the particularized facts of Mr. Arias's videoconference

---

[1] The government notes defendant had not previously been arraigned on the revocation petition, raising additional questions regarding the record created on January 10 that the court does not reach here. *See* Jurisdiction Brief at 2 n.1.

2

appearance on January 10, that it could exercise jurisdiction because it appeared the state had voluntarily produced Mr. Arias. *See Strand*, 251 F.2d at 595 ("Actual consent of one sovereign, whether express or implied, to proceedings in another forum wipes out all distinctions and is conclusive of all questions. If consent can be found, there need be no search for other and perhaps better grounds."). On the record as now clarified, the state did not knowingly and voluntarily produce Mr. Arias so as to have consented to his appearance before this court. The court finds it did not have jurisdiction to take Mr. Arias's admissions and denial on January 10, 2022. The record of that hearing is vacated, and defendant's admissions and denials are void.

As to defendant's February 7, 2022 disposition hearing, defendant argues the court has jurisdiction to hold the hearing because this court can *sua sponte* issue a writ under 28 U.S.C. § 2241(c)(5). *See* Mot. at 1–3. Defendant also argues he can request the writ under 28 U.S.C. § 2241(c)(5). *See id.* at 2. The court disagrees on both counts.

First, section 2241 in pertinent part notes a writ of habeas corpus can extend to a prisoner if "[i]t is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(5). Defendant argues this court can *sua sponte* issue this writ, without a request from the government or himself. *See* Mot. at 1. Defendant points to no authority for this argument. In the one case defendant does cite, it was the government who requested the writ. *See Carbo*, 277 F.2d at 434 ("On March 16, 1960, after application by the United States Attorney, the District Judge in said district directed the issuance of a document entitled 'Habeas Corpus Ad Prosequendum'. . . ."). Moreover, the title of section 2241 is "Power to grant writ," and section 2241 refers more than once to an "application" as an apparent prerequisite to granting a writ. *See, e.g.*, 28 U.S.C. § 2241(b) ("The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus . . ."); 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody . . . , the application may be filed . . . ."); 28 U. S.C. § 2241(e)(1) ("No court . . . shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed" by an enemy combatant or someone awaiting determination of such status). The requirements of an "application" are set forth in 28 U.S.C. § 2242. In the absence of authority, based on a plain reading of the statute, the court is not

persuaded it has the power to *sua sponte* issue a writ under section 2241. Even if it did, it has not and does not intend to.

Defendant's second argument has two components. First, defendant argues he can request the particular writ he seeks here, for the purposes of prosecution, under section 2241 generally. *See* Mot. at 2. Here defendant acknowledges the lack of authority supporting this novel argument, but argues at a very high level of generality that "[t]he absence of authority supporting a defendant's right to request a writ to be prosecuted does not mean no such authority exists." *Id.* Second, assuming without deciding defendant could request the writ, defendant says his motion for a speedy revocation hearing "could be construed as a request for a writ to order the state authorities to present him for a zoom appearance." *Id.* at 3. Given the absence of authority for defendant's applying for the particular kind of writ he seeks here, the court declines to accommodate this request.

To the extent defendant invokes the All Writs Act, 28 U.S.C. § 1651, he has not established the absence of alternative remedies and the court cannot find a writ as contemplated by this statute is "necessary or appropriate" in aid of this court's jurisdiction.

Finally, the government asserts it was defense counsel who provided the videoconferencing link for the January 10 hearing to Mr. Arias's state custodians in requesting that Mr. Arias be produced, "a request [defense counsel] was not entitled to make." Jurisdiction Brief at 1. In its reply the government notes the defense has again unilaterally requested that the state arrange for Mr. Arias to appear by videoconference on February 7, 2022. Reply at 2 & Ex. 1. The government asks the court to admonish the defense to cease "manufactur[ing] *de facto* writs." *Id.* at 2. On this record, and given that the court is just now resolving the jurisdictional question raised on January 10, the court will not formally admonish defense counsel. Counsel is cautioned however to refrain in the future from unilaterally seeking to secure the appearance of a client in the custody of another sovereign, without a court order granting a writ.

The court finds defendant was not properly produced for the January 10 hearing and the court therefore did not have jurisdiction to proceed. Defendant's admissions and denial on that date are therefore **vacated**. The disposition hearing set for February 7, 2022 is also **vacated**.

This order resolves ECF No. 42.

IT IS SO ORDERED.

DATED: February 4, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE